IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY PINKSTON,

        Plaintiff,

    v.

CB OPERATIONS, LLC, et al.,

        Defendants.

Case No.  25-cv-02908-CRB

**ORDER GRANTING MOTION TO DISMISS**

Plaintiff Gary Pinkston sues Defendants CB Operations, LLC and Baz Properties, LLC for their conduct arising out of loans they made to Pinkston to develop real estate in Hawaii.  As negotiations relating to the loans proved fruitless and Defendants threatened filing a lawsuit in Illinois, Pinkston filed this lawsuit in this Court asserting several causes of action under California law—even though Defendants are both Illinois companies and the loans at issue relate to property in Hawaii.  This is a classic example of an improper anticipatory lawsuit filed in an attempt at forum shopping.  Accordingly, finding this matter suitable for resolution without argument pursuant to Civil Local Rule 7-1(b), the Court **GRANTS** Defendants' motion to dismiss.

Pinkston executed loan agreements with Defendants in June and August 2023.  <u>See</u> Am. Compl. (dkt. 27) ¶¶ 15, 19.  Defendants are both limited liability companies with their principal places of business in Illinois, and all their members reside in Illinois.  <u>Id.</u> ¶¶ 2–3; Mayer Decl. (dkt. 29-1) ¶¶ 3–6; Zierk Decl. (dkt. 29-2) ¶¶ 2–4, 8.  The loans were to be used to construct and develop condominium units in Hawaii.  Am. Compl. ¶¶ 15, 19.  If Pinkston defaulted on the loans, he would pay a default rate of 14% per year.  CB Loan Agreement (dkt. 27-1) § 3.3; Baz Loan Agreement (dkt. 27-2) § 3.3.

United States District Court
Northern District of California

1     Following natural disasters in Hawaii (the Lahaina wildfires and Kauai floods),

2   Pinkston failed to meet certain construction deadlines.  Am. Compl. ¶¶ 34, 37, 39–40.

3   Defendants determined him to be in default of the loan agreements and began extensive—

4   and apparently heated—negotiations to resolve the default.  Id. ¶ 41; Pinkston Decl.

5   (dkt. 32-2) ¶¶ 14–16.  As negotiations broke down, Defendants gave Pinkston until March

6   28, 2025 to pay default interest or be sued in federal court in Illinois, even providing

7   Pinkston with a draft complaint.  Grabenstein Decl. (dkt. 29-4) ¶¶ 11–14; Chappelle Decl.

8   (dkt. 32-3) ¶ 5.  Pinkston then filed this action in this Court on March 28, 2025.  See

9   Compl. (dkt. 1).  Defendants filed their complaint in the U.S. District Court for the

10   Northern District of Illinois on April 1, 2025.  See CB Opers., LLC v. Pinkston, No. 25-cv-

11   3500 (N.D. Ill. filed Apr. 1, 2025).

12     Defendants now move to dismiss on several grounds: that Pinkston's lawsuit was an

13   improper anticipatory lawsuit, that this Court lacks personal jurisdiction over Defendants,

14   and that Pinkston fails to state a claim upon which relief can be granted.  See MTD

15   (dkt. 29).  The Court agrees with Defendants that Pinkston filed an improper anticipatory

16   lawsuit and dismisses the action on those grounds, declining to reach Defendants' other

17   grounds for dismissal.  Cf. Peloton Interactive, Inc. v. Lululemon Athletica Canada, Inc.,

18   No. 21-CV-10071 (ALC), 2022 WL 4585812, at *3 (S.D.N.Y. Sept. 29, 2022) ("A court

19   dismissing pursuant to the anticipatory filing doctrine need not reach the issue of which

20   venue is superior from the standpoints of convenience and personal jurisdiction." (citation

21   omitted)).

22     Ordinarily district courts apply the first-to-file rule when there are competing

23   lawsuits in federal court.  Westerman v. FTI Consulting, Inc., No. 24-cv-4118-JCS, 2025

24   WL 256978, at *2 (N.D. Cal. Jan. 21, 2025).  This rule "allows a district court to dismiss,

25   transfer, or stay an action when a similar complaint has been filed in another federal

26   court."  Id.  But "[d]istrict courts can exercise their discretion and dispense with the rule

27   for equitable reasons, which include bad faith, anticipatory suit, and forum shopping."  Id.

28   A suit is anticipatory if prior to filing the plaintiff had received "specific, concrete

United States District Court
Northern District of California

2

1    indications that a suit by the defendant was imminent." <u>Ward v. Follett Corp.</u>, 158 F.R.D.

2    645, 648 (N.D. Cal. 1994). Such indications can, for example, include settlement

3    discussions and dialogue. <u>See Xoxide, Inc. v. Ford Motor Co.</u>, 448 F. Supp. 2d 1188,

4    1193–94 (C.D. Cal. 2006). Anticipatory lawsuits "are viewed with disfavor as examples

5    of forum shopping and gamesmanship." <u>Id.</u> at 1192.

6           Here, as in other cases where district courts have properly dismissed anticipatory

7    lawsuits, Pinkston and Defendants had engaged in settlement discussions where

8    Defendants had shared a draft complaint that would be filed in an Illinois court. Pinkston

9    does not deny any of this; indeed, he acknowledged that he filed suit in California so that

10    he would be able to benefit from a local forum where he "enjoys certain fundamental

11    rights." Opp. (dkt. 32) at 4. Pinkston appears to suggest that Defendants' aggressive

12    tactics during settlement negotiations preclude any argument for dismissal of his lawsuit as

13    anticipatory, <u>id.</u>, but he cites no case law in support of that position. Indeed, district courts

14    faced with similar facts have tended to dismiss lawsuits just like his. <u>See, e.g.</u>, <u>Zoho Corp.</u>

15    <u>Pvt. Ltd. v. HubSpot, Inc.</u>, No. 20-cv-1563-RS, 2020 WL 7133770, at *1 (N.D. Cal. Apr.

16    24, 2020).

17           The Court therefore finds that Pinkston's lawsuit is an improper anticipatory filing

18    and dismisses it without prejudice to Pinkston raising his claims in an appropriate forum—

19    for example, as counterclaims in the <u>CB Operations v. Pinkston</u> matter currently pending

20    in the Northern District of Illinois. Of course, the Court takes no position on the merits of

21    Pinkston's claims or whether he will in fact be able to assert them. Nor does the Court

22    take a position on Pinkston's motion to dismiss the Illinois matter for lack of personal

23    jurisdiction. <u>See</u> MTD, <u>CB Opers.</u>, No. 25-cv-3500 (filed May 23, 2025), ECF No. 38.

24    Defendants are instructed to file a copy of this order on the docket in the Illinois matter.

25           **IT IS SO ORDERED.**

26           Dated: June 6, 2025

27                             CHARLES R. BREYER
United States District Judge

28